UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS CASTRO-ISAQUIRRE,

Petitioner,

v.

BLAINE LAFLER,

Respondent.
_______________________________/

Case Number: 05-71939

HONORABLE AVERN COHN

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Carlos Castro-Isaquirre (Petitioner), a state prisoner convicted of first degree criminal sexual conduct and sentenced to 10-25 years imprisonment, claimed that he is incarcerated in violation of his constitutional rights. The matter was referred to a magistrate judge for a report and recommendation. The magistrate judge recommended that the petition be denied. The Court agreed. See Order Adopting Report and Recommendation and Denying Application for Writ of Habeas Corpus and Dismissing Case, filed May 2, 2006. Petitioner seeks to appeal the Court's decision.

II.

Before Petitioner can appeal the decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120

S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Petitioner sought the issuance of a writ of habeas corpus, raising the following five claims: (1) sufficiency of the evidence, (2) unconstitutional application of Michigan' rape shield law, (3) improper introduction of prior bad acts evidence, (4) prosecutorial misconduct, and (5) improper application of the sentencing guidelines. The magistrate judge carefully considered all of Petitioner's claims and found that they either lacked merit, were procedurally defaulted, or failed to raise a cognizable issue on habeas

review. Reasonable jurists would not debate these conclusions. Accordingly, a COA is DENIED.

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 30, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 30, 2006, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager
(313) 234-5160